**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                    Case No. 22-cr-20564

KEVIN BERRIOS-BENSON,

        Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS**

      On January 23, 2023, Defendant Kevin Berrios-Benson filed a Motion to Suppress Evidence and Statements, asking the court to suppress evidence seized during the execution of a search warrant on October 6, 2022 due to the allegedly insufficient nexus set forth in the supporting affidavit between Defendant's home and the firearm sought. (ECF No. 19.) On February 10, 2023, the Government filed a response (ECF No. 21) to which Defendant replied on February 24, 2023 (ECF No. 24). With the motion fully briefed, on March 7, 2023, the court held a hearing. For reasons as stated on the record, the court denied the motion and indicated that a supplemental opinion would issue.

      Under the Fourth Amendment, a search warrant may be issued only "upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the . . . things to be seized." U.S. CONST. amend. IV. In deciding whether to issue a search warrant, the Fourth Amendment requires "the issuing magistrate . . . simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him . . . there is a fair probability that

contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983); *see also United States v. Smith*, 510 F.3d 641, 652 (6th Cir.2007) (referring to this as a "totality of the circumstances" approach). "A 'fair probability' is not interpreted as connoting any particular mathematical degree of probability." *United States v. Terry*, 522 F.3d 645, 648 (6th Cir. 2008).

The Supreme Court has "repeatedly said that after-the-fact scrutiny by courts of the sufficiency of an affidavit should not take the form of *de novo* review." *Gates*, 462 U.S. at 236. Rather, "[a] magistrate's determination of probable cause should be paid great deference by reviewing courts." *Id.* (internal citations omitted); *see also Terry*, 522 F.3d at 647–48. "[S]o long as the magistrate had a substantial basis for concluding that a search would uncover evidence of wrongdoing, the Fourth Amendment requires no more." *Gates*, 462 U.S. at 236 (internal citations omitted). Thus, "[t]his circuit has long held that an issuing magistrate's discretion should only be reversed if it was arbitrarily exercised." *United States v. Allen*, 211 F.3d 970, 973 (6th Cir. 2000) (en banc).

As already discussed at the motion hearing, the magistrate judge in this case reasonably relied upon Special Agent Brett J. Brandon's affidavit when granting his search warrant application. (*See* ECF No. 20.) Having reviewed the affidavit in question, the court finds the document sufficiently complex and replete with interconnected factual observations to establish probable cause that a firearm may be located at Defendant's residence. That is, the magistrate judge did not err in exercising his discretion to issue what was and remains a substantively valid search warrant.

However, even assuming a lack of probable cause, the court is nonetheless convinced that the good faith exception as set forth in *United States v. Leon*, 468 U.S.

2

897, 907 (1984), would apply under the circumstances of this case to stay any exclusion of the evidence and statements obtained as part of the October 6, 2022 search. Under *Leon,* when an affidavit supporting a search warrant fails to establish probable cause, good-faith reliance on the invalidated warrant by law enforcement officers will bar application of the exclusionary rule to the evidence seized. 468 U.S. at 922. The *Leon* Court identified four classic situations reflecting such objective good faith on the part of officers, the third of which Defendant invoked here: "when the affidavit is so lacking in indicia of probable cause that a belief in its existence is objectively unreasonable." *United States v. Laughton*, 409 F.3d 744, 748 (6th Cir. 2005).

This third situation—addressing what have come to be known as "bare bones" affidavits—is wholly inapposite to the case at bar. Rather, in his thirty-page affidavit, Special Agent Brandon marshalled a host of integral factual observations, detailing: Defendant's criminal history and background; a shooting at an apartment complex captured by surveillance cameras that led law enforcement to suspect Defendant of prohibited firearm possession; a rap video, wherein Defendant is dressed in the same clothing as the apartment complex shooting and again possessing what appeared to Special Agent Brandon to be a firearm; and Defendant's connection with the target premise, which he ultimately conceded was his residence at the motion hearing. (ECF No. 20-1, PageID.73–83.) Coupling these observations with his training and experience, Special Agent Brandon concluded that Defendant was likely to have the suspected firearm in his residence, explaining how the durable nature of firearms and their primary use as protection contributed to his analysis. (Id. at PageID.83–85.) In summary, this affidavit is anything but bare bones.

Moreover, as stressed extensively by the Supreme Court in *Davis v. United States*, 564 U.S. 229, 236–41 (2011), "the harsh sanction of exclusion should not be applied to deter objectively reasonable law enforcement activity" because it risks discouraging well-trained officers versed in police practices authorized by binding appellate precedent from doing their duty. As in *Davis*, Special Agent Brandon did not violate Defendant's Fourth Amendment rights deliberately, recklessly, or with gross negligence, nor do the facts of this case involve any recurring or systematic negligence on the part of law enforcement. *Id.* at 240. Instead, he deliberately and methodically followed the appropriate protocols and procedures for obtaining a search warrant of Defendant's home—the very practice the exclusionary rule seeks to foster.

Accordingly, for reasons as stated above, and further elaborated on the record during the motion hearing,

IT IS ORDERED that Defendant's Motion to Suppress Evidence and Statements (ECF No. 19) is DENIED.

                                   s/Robert H. Cleland                    /
                                   ROBERT H. CLELAND
                                   UNITED STATES DISTRICT JUDGE

Dated:  March 7, 2023

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 7, 2023, by electronic and/or ordinary mail.

                                   s/Lisa Wagner                         /
                                   Case Manager and Deputy Clerk
                                   (810) 292-6522

S:\Cleland\Cleland\EKL\Opinions & Orders\Criminal\22-20564.BERRIOS-BENSON.MotionToSuppress.EKL.docx